## Commonwealth v. Recupero

*Clifton A. Cloud*, district attorney, for Commonwealth.

*Karl A. Wagner*, for defendant.

SHULL, P. J., February 9, 1942.—This matter comes before the court upon a motion to quash the justice's transcript in this proceeding.

This defendant was arrested for violating the provision of The Vehicle Code of May 1, 1929, P. L. 905, relative to the speed at which a motor vehicle may be driven upon a public highway. Hearing was waived and an appeal taken to this court. The justice of the peace failed to file his transcript within 15 days, the same having been filed on the sixteenth day, and it is for this reason that defendant moved to quash.

The question raised is:

Is the defendant entitled to a discharge because of the failure of the justice of the peace to return the com-

plaint to court within 15 days after the time fixed for hearing? The answer to this question depends on whether the requirement of the act in this regard is mandatory or directory.

In the case of Commonwealth v. Lawell, 40 Montg. 282, involving the same question, Judge Miller said (p. 283) :

"Remedial statutes should be so construed as to speed the remedy. The purpose of this section of the act is not to aid offenders to escape punishment, but to assure them a full, prompt and fair hearing. This defendant could have submitted his case to the justice of the peace who had issued the warrant and, as it is to be presumed that such public officials are honest and seek to discharge their duties justly, he might have had a fair hearing. Had he done so and been dissatisfied with its result, he still had his remedy for the fancied injustice done him by certiorari or appeal. He did not do so, however, but, availing himself of the alternative relief provided by the act, which, by-the-way, is relatively so new to our law, he waived hearing and elected to be tried by a judge of the Quarter Sessions. If he chafes at unreasonable delay, even here he is not without adequate procedural remedy. The act requires that the case be returned within fifteen days. After the expiration of that time, he may compel its return by mandamus or other appropriate order. During all this time, however, he stands as one charged with having violated the law and, primarily, his right is to have his day in court. He is not engaged in the assertion of a right against another private individual, but all those who, until actual hearing, are required to do anything adverse to him are public officials. Their acts of commission or omission are not necessarily those of the prosecutor and the latter is not to be held responsible for them as sometimes occurs in private litigation. The principles of law relating to attorney and client and principal and agent are not applicable here. If a jus-

tice of the peace fails or refuses to perform his official duty he may, at least in many cases, be punished or even held responsible in damages to the party injured, but a contention that, because a justice neglects to return a transcript strictly within the time fixed by law, the proceeding is dead, is all the more interesting because of its novelty.

"The Act of June 11, 1885, P. L. 110, provides that it 'shall be the duty of all . . . justices of the peace . . . to return . . . a true transcript . . . within five days after the binding over, or committal of any defendant . . . charged with any felony . . . ,' and makes a wilful violation of the act a misdemeanor in office; and that of May 8, 1854, P. L. 678, requires committing magistrates to return all the recognizances entered into before them 'at least ten days before the commencement of the session of the court to which they are made returnable respectively,' except when they have been entered into within the ten days.

"Interesting discussions of this subject are to be found in In re returns by Magistrates, 26 Pa. C. C., 545, and Com. vs. Sweetlick, 36 Pa. C. C. 305. Judge Landis, in Com. vs. Berkman, 27 Pa. D. R., 930, says 'there is no act of assembly nor decision called to our attention that decides, in cases of misdemeanors, that the withholding of the return by the justice over the next Court of Quarter Sessions vitiates his whole proceedings.' Also see Com. vs. Kohle, 2 Luz. Leg. Reg., 329. The general principle which applies seems to be that a statutory provision as to the time of filing a transcript of a preliminary examination is directory only; filing within a reasonable time being sufficient: People vs. Mallaley, 16 Cal. App. 44; 116 Pac., 88."

For the reasons set forth in the opinion of Judge Miller, in which we concur, it is our view that one day's delay in this case does not invalidate the proceedings.

And now, February 9, 1942, motion to quash is denied.